IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EMORY TAYLOR CHILES,

    Petitioner,

v.                                                              Civil Action No. 5:07CV65
                                                             (Criminal Action No. 5:05CR18)

UNITED STATES OF AMERICA,                    (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

Pro se[1] petitioner Emory Taylor Chiles filed a motion to vacate, set aside or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The government filed a response to this petition to which the petitioner replied.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied because the petitioner may not raise Claims 1, 2, 3, 4, and 6 on collateral review because he has procedurally defaulted on this claims. The magistrate judge further found that

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

even if the petitioner had not procedurally defaulted on these claims, they nevertheless fail on the merits. As to Claim 5, the magistrate judge found that it was not procedurally barred but that it should be dismissed on the merits. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The petitioner filed timely objections to the report and recommendation. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, and that the petitioner's § 2255 motion to vacate, set aside or correct sentence should be denied and dismissed.

## II. Facts

On August 4, 2005, the petitioner was convicted by a jury in the United States District Court for the Northern District of West Virginia on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On October 25, 2005, the petitioner was sentenced to 120 months of imprisonment, followed by three years of supervised release. The petitioner appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the petitioner's conviction and sentence.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's

recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

## IV. <u>Discussion</u>

In his § 2255 petition, the petitioner raises the following claims: (1) the United States lacked jurisdiction because Weirton, West Virginia is outside the United States; (2) the United States lacked subject matter jurisdiction because 18 U.S.C. §§ 922 and 924 omit an "interstate commerce nexus"; (3) the indictment was defective and insufficient because it omitted an interstate commerce nexus and failed to allege an "overt act"; (4) the Court violated the petitioner's Fifth Amendment rights by amending the indictment; (5) the petitioner received ineffective assistance of counsel because counsel failed to object to the Court's amendment of the indictment, failed to object to the defective indictment, and failed to object to the systematic exclusion of African-Americans from the jury; and (6) the petitioner's sentence is unconstitutional because the three years of supervised release added to his period of incarceration exceeds the ten-year maximum

and violates his Fifth and Sixth Amendment rights and his rights under United States v. Booker, 543 U.S. 220 (2005).

In its response, the government argues that the district court was vested with jurisdiction; that interstate nexus language is present in 18 U.S.C. §§ 922 and 924 and that such nexus was present in this action; that the indictment sufficiently charged the petitioner; that the indictment was not amended at trial; that the jury selection process was constitutional and involved no demonstrable systematic exclusion of African-Americans from the jury venire; and that the petitioner's term of supervised release is constitutional.

Upon review of the record, the magistrate judge found that petitioner's § 2255 motion should be denied and dismissed because the petitioner procedurally defaulted on Claims 1, 2, 3, 4, and 6 and in any event those claims are baseless and because Claim 5 lacks merit. This Court agrees.

A. Claims 1, 2, 3, 4, and 6

The magistrate judge correctly recognized in his report and recommendation that issues raised on direct appeal may not be raised in a collateral attack, such as a § 2255 motion. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Further, it is well-established law that issues that could have been raised on direct appeal, but were not, may not be later raised in a collateral attack such as a § 2255 motion. Sunal v. Large, 332 U.S. 174, 178-79 (1947); Bousley v. United States, 523 U.S. 614

4

(1998).  As stated by the United States Court of Appeals for the Fourth Circuit:

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show <u>cause and actual prejudice</u> resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.

<u>United States v. Mikalajunas</u>, 186 F.3d 490, 493 (4th Cir. 1999) (emphasis added)(citing <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982); <u>United States v. Maybeck</u>, 23 F.3d 888, 891-92 (4th Cir. 1994)).  None of the issues presented by the petitioner in his § 2255 petition were raised on direct appeal.  Thus, as the magistrate judge correctly noted, the petitioner must show cause and actual prejudice to proceed with his claims.

The petitioner has failed to make the necessary showing with respect to those claims alleged to be in procedural default.  His § 2255 petition failed to present any legitimate cause for his failure to raise these claims on direct appeal.  Consequently, he cannot argue that he has proven cause and actual prejudice.  Accordingly, the petitioner procedurally defaulted on Issues 1, 2, 3, 4, and 6, and he cannot raise them on collateral review.  However, even if Claims 1, 2, 3, 4, and 6 were not procedurally barred, they warrant dismissal on the merits.

    1.   <u>Jurisdiction of the United States</u>

The petitioner's claim that the location of his arrest, Weirton, West Virginia, is not within the jurisdiction of the

5

United States and that, therefore, his conduct there cannot constitute a crime against the United States is baseless. District courts may dismiss frivolous or patently absurd contentions asserted in a § 2255 petition. <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970). The petitioner's contention that Weirton, West Virginia is outside the United States because the state of West Virginia has never been occupied, acquired, or purchased by the United States is patently absurd. Accordingly, this Court finds that Claim 1 should be dismissed.

In his objections, the petitioner appears to abandon his argument that West Virginia is not within the jurisdiction of the United States, claiming instead that he was not subject to federal jurisdiction because he was arrested by state authorities. This argument is equally baseless and will be overruled.

2. <u>Subject Matter Jurisdiction of the United States -- "Interstate Commerce Nexus" in Statute of Conviction</u>

According to the petitioner, the statutes under which he was convicted, 18 U.S.C. §§ 922 and 924, do not confer subject matter jurisdiction for a federal prosecution because they do not contain the words, "interstate commerce nexus." As the magistrate judge correctly observed, the relevant statutory provision defining the petitioner's offense of conviction requires that a firearm be "in or affecting interstate commerce." 18 U.S.C. § 922. Claim 2 is therefore groundless and will be dismissed.

6

### 3. Sufficiency of the Indictment

In Claim 3, the petitioner contends that the indictment fails to set forth two required elements of the charged offense. Specifically, the petitioner states that the indictment omits language that the offense had an "interstate commerce nexus" and that the petitioner committed an overt act in furtherance of the crime. As with Claim 2, the "interstate commerce nexus" language the petitioner alleges is missing is, in fact, present. The indictment alleges that the petitioner "did knowingly possess in and affecting interstate commerce a firearm." As to the "overt act" language, the magistrate judge correctly determined that the statute of conviction, 18 U.S.C. §§ 922 and 924, does not require an overt act in furtherance of the crime. Therefore, the omission of an overt act as an element of the crime alleged in the indictment does not render the indictment defective or insufficient. Thus, Claim 3 will be dismissed.

### 4. Impermissible Amendment of the Indictment

The petitioner argues in Claim 4 that the Court impermissibly amended his indictment at trial by redacting the nature of the defendant's prior felony conviction from the indictment based upon the parties' stipulation to the fact of the defendant's prior conviction. A modification to an indictment is prohibited if it "transforms an indictment that does not state an offense into one that does" or "tends to increase the defendant's burden at trial." United States v. Coward, 669 F.2d 180, 184 (4th Cir. 1982). A

modification to an indictment also constitutes an impermissible amendment if it "broadens the possible bases for conviction beyond presented by the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994) (en banc). As the magistrate judge correctly observed, this redaction did not constitute an amendment or fundamental change to the indictment because it did not transform the indictment to state an offense that the indictment did not already state, nor did it increase the petitioner's burden at trial or expand the potential bases for conviction beyond the ones charged by the grand jury. Rather, the redaction was made to reduce the possibility of juror prejudice. Accordingly, Claim 4 is meritless and will be denied.

    5.    <u>Constitutionality of Petitioner's Sentence</u>

The petitioner contends in Claim 6 that his sentence is unconstitutional because it exceeds the statutory maximum. Specifically, the petitioner claims that the three-year period of supervised release added to the 120-month period of incarceration subjects him to double jeopardy, in violation of the Fifth Amendment, and impermissibly enhances his sentence, in violation of the Sixth Amendment and United States v. Booker, 543 U.S. 220 (2005). The magistrate judge concluded that Claim 6 lacks merit. This Court agrees. A period of supervised release comprises no part of the incarceration portion of a sentence and is therefore not calculated as part of the statutory maximum term of imprisonment. United States v. Pierce, 75 F.3d 173, 178 (4th Cir.

1996). Here, the petitioner's 120-month term of imprisonment falls within the statutory maximum, and the three-year period of supervised release is imposed in addition to the maximum prison term. Thus, the petitioner's sentence does not run afoul of his constitutional protections. Claim 6, therefore, lacks merit and will be dismissed.

B. Claim 5

In his report and recommendation, the magistrate judge found that there was no procedural default on Claim 5 of the petitioner's § 2255 because it alleges various issues involving ineffective assistance of counsel. Ineffective assistance of counsel claims are more properly raised in collateral attack rather than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999).

On the merits, this claim fails, as the magistrate judge correctly concluded. To demonstrate ineffective assistance of counsel, a petitioner must meet the two requirements established in Strickland v. Washington, 466 U.S. 668 (1984). First, a petitioner must show that his or her counsel's conduct fell below an objective standard of reasonableness. Id. at 687-91. Second, a petitioner must show that a reasonable probability exists that the outcome of the proceedings would have been different "but for counsel's unprofessional errors." Id. at 694. Each of the claims asserted by the petitioner in this action must therefore be evaluated under the Strickland requirements.

9

Here, the petitioner alleges three grounds for his contention that he received ineffective assistance from his counsel. First, he claims that his counsel provided ineffective assistance by failing to object to the Court's redaction of the nature of the petitioner's felony from the indictment. The petitioner has failed to show how counsel's decision not to object to the redaction was professionally deficient or how the redaction prejudiced him. Thus, this argument is unavailing.

Second, the petitioner contends that his counsel's assistance was ineffective for failure to object to the indictment, which the petitioner alleges was defective. As discussed above, however, the indictment was not defective or insufficient. Again, the petitioner has not shown how counsel's decision not to object was objectively unreasonable or how the petitioner was prejudiced. Accordingly, his second argument is equally unavailing.

Finally, the petitioner contends that his counsel rendered ineffective assistance by not objecting to the exclusion of African-Americans from the jury. This argument fails. A criminal defendant has the right to a trial by jury selected from a fair cross-section of the community. Duren v. Missouri, 439 U.S. 357, 363-64 (1979). A violation of the fair cross-section requirement occurs when (1) "the group alleged to be excluded is a 'distinctive' group in the community"; (2) "the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the

community"; and (3) the underrepresentation results from "systematic exclusion of the group in the jury-selection process." Duren, 439 U.S. at 364. Here, the petitioner's allegations notwithstanding, his counsel did, in fact, object to the jury selection process because no African-Americans were present. However, as the Court found then and as the magistrate judge found in his report and recommendation, there is simply no indication that the jury in the petitioner's trial was not a fair cross-section of the community or that the selection process in any systematically excluded African-Americans from the venire.[2]

This Court concludes that because the petitioner's counsel objected at the trial level to the absence of African-Americans on the jury panel, his claim of ineffective assistance cannot stand. To the extent that he objects that his counsel did not raise the issue on appeal, relief must be denied because the petitioner has failed to establish a systematic exclusion of African-Americans from the jury pool depriving him of a fair cross-section of the community. Accordingly, Claim 5 must be dismissed.

---

[2]This district draws its jury pool from merged voter registration rolls and vehicle operators license lists. The United States Court of Appeals for the Fourth Circuit has held that a jury pool drawn solely from voter registration lists is not constitutionally invalid, even if minorities are underrepresented on the lists, as long as there is not affirmative discrimination in voter registration. United States v. Cecil, 836 F.2d 1431, 1448 (4th Cir. 1988). Because the venires in this district draw from a broader set of lists than the voter registration rolls approved in Cecil, the jury selection process in this district is not constitutionally infirm.

## V. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2255 petition is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:      July 6, 2009

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE